UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSEPH E. LOISEAU,

Petitioner,

v.                                                           CAUSE NO. 3:26-CV-60-CCB-SJF

BRIAN ENGLISH,

Respondent.

## **OPINION AND ORDER**

Immigration detainee Joseph E. Loiseau, representing himself, filed a petition for

a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is being unlawfully detained

in violation of the laws or Constitution of the United States. ECF 1. The Warden has

answered the petition, and Loiseau has replied. ECF 8, ECF 10. For the following

reasons, the court will grant the petition.

BACKGROUND

Loiseau was ordered removed to Haiti in 2007, but he was released from

immigration detention on an Order of Supervision because he could not be removed to

Haiti. Loiseau says that Immigration and Customs Enforcement (ICE) was not able to

obtain any form of travel documents for his removal. He was re-detained on May 16,

2025, and he attached the Notice of Revocation, stating ICE decided to revoke his Order

of Supervision "based on a review of [his] file." ECF 1-1 at 1. The revocation notice cites

to 8 C.F.R. § 241.4, and states that Loiseau will "promptly be afforded an informal

interview at which [he] will be given an opportunity to respond to the reasons for the

revocation." *Id.* If he is not released after the informal interview, the notice states that he will receive a new review within approximately three months of the date of the notice. *Id.* Loiseau argues that his detention has become unreasonable because he has been detained more than six months and his removal is not reasonably foreseeable.

The Warden was ordered to include with his answer, among other things, the date of the informal interview and any other custody reviews following Loiseau's re-detention, along with any documentation from those matters. ECF 3 at 4. No information regarding an informal interview or other custody review was provided, so the court infers that these steps were not taken in this case. Instead, the Warden provides a declaration from a deportation officer, attesting, "On or about December 17, 2025, [the officer] contacted the Haitian Consulate to request travel documents for [Loiseau]." ECF 8-1 at 3. No response has been received, and the ICE officer stated that the Chicago Field Office continues to work with Headquarters Removal Management Division to attempt to obtain travel documents to remove Loiseau to Haiti. *Id.*

In reply, Loiseau argues the seven-month delay in requesting travel documents from Haiti after he was detained is evidence that his removal is not reasonably foreseeable. Further, he notes that the Warden has not explained why a travel request will be successful now, when it wasn't in 2007. Loiseau provided a copy of a form he was asked to fill out on January 12, 2026, regarding the possibility of a third country removal, and notes that he received his 180-day interview on March 2, 2026, after nine months of detention. ECF 10 at 6. However, he says he has not received information about the outcome of that review or any further information about his removal.

Therefore, Loiseau contends his continued detention is unlawful and asks for his release.

## SUBJECT MATTER JURISDICTION

The respondents first argue that the court lacks subject matter jurisdiction over Loiseau's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Vu v. English*, No. 3:25CV999 DRL-SJF, 2026 WL 194171, 2-3 (N.D. Ind. Jan. 26, 2026) (Leichty, J.) (discussing § 1252(b)(9) and § 1252(g)); *see also Kem v. Noem*, No. 3:25-CV-997-DRL-SJF, 2026 WL 100566, at *1 (N.D. Ind. Jan. 14, 2026) (Leichty, J.) (discussing § 1252(g)); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)), *appeal docketed* No. 26-1404 (7th Cir. Mar. 2, 2026).

## MERITS

Regarding the merits of the petition, the Warden first argues that Loiseau's detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention pending execution of a removal order. However, beyond the "removal period,"[1] which for Loiseau ended nearly two decades ago, continued detention is authorized only for certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer

---

[1] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

reasonably foreseeable, continued detention is no longer authorized by statute."). The Supreme Court has instructed that once removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute," though any release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Because Loiseau has been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable.

To start, the Warden identifies Haiti as the only country under consideration for removal. Loiseau represents that Haiti refused to issue him travel documents in 2007, and as of January 2026—eight months after he was first re-detained—ICE has begun to explore a third country removal. This suggests that current efforts to obtain travel documents to Haiti have also been unsuccessful. The court finds that this showing suggests Haiti has and will refuse to accept Loiseau and constitutes good reason to

4

believe that there is no significant likelihood of Loiseau's removal in the reasonably foreseeable future.

To rebut this showing, the Warden offers only a vague representation that the government has requested travel documents from Haiti and continues to work with Headquarters Removal Management Division to obtain travel documents to Haiti. This meager showing does not persuade the court that Loiseau's removal is likely to occur within the reasonably foreseeable future. It does not explain why efforts to remove Loiseau will be successful now when they were unsuccessful before. It also does not adequately explain why it took six months after Loiseau was re-detained to request the travel documents, nor does the Warden say whether the Haitian government regularly issues travel documents or how long the process usually takes. Though this process may take some period of time, it appears ICE has abandoned efforts to remove Loiseau to Haiti and is seeking a yet-unidentified third country for removal. Consequently, the court finds Loiseau's removal is not reasonably foreseeable. Therefore, the Warden must release Loiseau.

Loiseau also seeks a permanent injunction prohibiting the respondent from unlawfully detaining him in the future. Habeas allows for equitable remedies and allows courts "to fashion appropriate relief other than immediate release." *Peyton v. Rowe*, 391 U.S. 54, 66 (1968). But the custody requirement is absolute, *see Maleng v. Cook*, 490 U.S. 488, 492 (1989) ("While we have very liberally construed the "in custody" requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction."), even if that

custody is in the future, *see Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973) ("[T]he writ is available as well to attack future confinement and obtain future releases."). Here, Loiseau raises only the speculative possibility of future confinement, so the court declines to grant a permanent injunction.

For these reasons, the court:

(1) **PARTIALLY GRANTS** the petition for writ of habeas corpus (ECF 1) and ORDERS the respondent to release Joseph E. Loiseau on the same conditions of supervised release that existed before his re-detention and to certify compliance with this order by filing a notice with the court by **March 20, 2026**;

(2) **DIRECTS** the clerk to email a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure his release; and

(3) **ORDERS** that any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on March 18, 2026

          /s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

6